IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RASHEEM JAMES DRUMMOND,** | : CIVIL ACTION NO. 1:22-CV-1177 |
| **Petitioner** | : (Judge Conner) |
| v. | : |
| **M. HOUSER,** *et al.*, | : |
| **Respondents** | : |

### MEMORANDUM

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2254. Petitioner Rasheem James Drummond challenges his 2018 conviction for robbery and possession of a firearm without a license in the Dauphin County Court of Common Pleas. In accordance with United States v. Bendolph, 409 F.3d 155, 158 (3d Cir. 2005), we *sua sponte* raised the issue of timeliness and required Drummond to show cause as to why the case should not be dismissed as untimely. Upon consideration of the petition and Drummond's response to the order to show cause, we conclude that the petition is untimely and will dismiss it on that basis.

**I.     Factual Background & Procedural History**

Drummond was found guilty of robbery and possession of a firearm without a license on April 24, 2018. See Commonwealth v. Drummond, No. CP-22-CR-0000984-2017 (Dauphin Cty. filed Feb. 24, 2017). On June 13, 2018, he was sentenced to seven to fourteen years of imprisonment on the robbery charge and five years of imprisonment on the firearm charge. (Id.) Drummond appealed, and the Pennsylvania Superior Court affirmed the judgment of sentence on November 15,

2019.  Commonwealth v. Drummond, No. 1219 MDA 2018, 2019 WL 6048891, at *6 (Pa. Super. Ct. Nov. 15, 2019).  Drummond petitioned for allowance of appeal to the Pennsylvania Supreme Court, which denied the petition on June 10, 2020.  Commonwealth v. Drummond, 235 A.3d 1071 (Pa. 2020).

Drummond filed a petition for state collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA") on July 12, 2021.  See Drummond, No. CP-22-CR-0000984-2017.  The Court of Common Pleas dismissed the petition on May 22, 2022.  (Doc. 1 at 3).  Drummond did not appeal.  (Id.)

Drummond filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 25, 2022, and the court received and docketed the petition on July 28, 2022.  (Id. at 8).  Drummond raises two claims for habeas corpus relief: (1) that the Court of Common Pleas' ruling that Drummond was competent to stand trial violated his right to due process; and (2) that the trial court violated his right to counsel by not appointing a fourth attorney to represent him at trial after his first three attorneys withdrew from representing him.  (Id. at 4); see also Drummond, 2019 WL 6048891, at *2.

On August 16, 2022, we issued an order under Bendolph, 409 F.3d at 155, requiring Drummond to show cause as to why the petition should not be dismissed as untimely.  (Doc. 10).  Drummond responded to the order on August 29, 2022.  (Doc. 12).  Drummond argues that his petition is timely because he had to pursue his claims through PCRA proceedings first before he could bring them in this court.  (Id.)  We address Drummond's argument below.

2

## II. <u>Legal Standard</u>

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4.

## III. <u>Discussion</u>

Petitions for writ of habeas corpus under 28 U.S.C. § 2254 are subject to a one-year statute of limitations, which begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court. <u>Id.</u> § 2244(d)(2). The limitations period may also be tolled under the equitable tolling doctrine or the actual innocence exception, both of which must be established by petitioner. <u>See</u> <u>McQuiggin v. Perkins</u>, 569 U.S. 383, 386 (2013); <u>Pace v. Diguglielmo</u>, 544 U.S. 408, 418 (2005).

Under Section 2244, Drummond had one year from the date his conviction became final to seek federal habeas corpus relief via 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1)(A).[1]  Drummond's conviction became final on June 10, 2020, when the Pennsylvania Supreme Court denied his petition for allowance of appeal. See Drummond, 235 A.3d at 1071.  Thus, absent tolling, Drummond needed to file his petition for writ of habeas corpus no later than June 10, 2021 for it to be timely under Section 2244.  His petition, which was not filed until over a year later on July 25, 2022, is facially untimely.

Drummond argues that his petition should be deemed timely filed because he had to pursue PCRA relief before he could bring his claim in federal court. Although the nature of his argument is somewhat unclear, we liberally construe it as an argument that the filing of his PCRA petition on July 12, 2021 statutorily tolled the limitations period pursuant to Section 2244(d)(2).

Drummond's argument misconstrues the statutory tolling period under Section 2244(d)(2).  Section 2244(d)(2) pauses the limitations period; it does not restart or reset the limitations period. See Johnson v. Hendricks, 314 F.3d 159, 161-62 (3d Cir. 2002); accord Talley v. Cappozza, No. 3:19-CV-1792, 2020 WL 7342806, at *3 (M.D. Pa. Dec. 14, 2020).  The one-year limitations period for Drummond's petition had already expired on June 10, 2021.  The filing of his PCRA petition

---

[1] Section 2244(d)(1) provides for other triggering events of the one-year limitations period, but none apply here. See 28 U.S.C. § 2244(d)(1)(B)-(D).

4

thirty-two days after that date on July 12, 2021 could not toll the already-expired limitations period. Johnson, 314 F.3d at 161-62.

Drummond is also not entitled to equitable tolling of the limitations period. The equitable tolling doctrine allows a court to toll the one-year limitations period when the petitioner has been pursuing his rights diligently, but extraordinary circumstances prevented him from timely filing his petition. Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace, 544 U.S. at 418). The petitioner bears the burden of showing that he is entitled to equitable tolling. Pace, 544 U.S. at 418. Drummond has not advanced any argument for equitable tolling, and accordingly has not met his burden.

Finally, Drummond is not entitled to relief from the limitations period under the actual innocence exception. The statute of limitations for habeas corpus petitions under Section 2254 may be excused if the petitioner makes an adequate showing of his actual innocence, but the petitioner bears a heavy burden to meet this exception and can only do so if he can show that no reasonable juror "would have voted to find him guilty beyond a reasonable doubt." See Satterfield v. Dist. Att'y of Philadelphia, 872 F.3d 152, 163 (3d Cir. 2017) (quoting McQuiggin, 569 U.S. at 386). Drummond has failed to meet this burden because he has not advanced any actual innocence argument.

**IV.     Conclusion**

    We will dismiss the petition (Doc. 1) for writ of habeas corpus with prejudice as untimely.  A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  An appropriate order shall issue.

                        <u>/S/ CHRISTOPHER C. CONNER</u>
                        Christopher C. Conner
                        United States District Judge
                        Middle District of Pennsylvania

Dated:     September 6, 2022