IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RASHEEM JAMES DRUMMOND,** | : | CIVIL ACTION NO. 1:22-CV-1177 |
| | : | |
| Petitioner | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| **M. HOUSER,** | : | |
| | : | |
| Respondent | : | |

### MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2254. Petitioner, Rasheem James Drummond, challenges a 2018 conviction and sentence for robbery and possession of a firearm without a license in the Dauphin County Court of Common Pleas. The petition will be denied and a certificate of appealability will not issue.

**I.   Background**

The Superior Court of Pennsylvania has succinctly summarized much of the relevant procedural history and factual background. See Commonwealth v. Drummond, No. 1219 MDA 2018, 2019 WL 6048891 (Pa. Super. Ct. Nov. 15, 2019). The charges against Drummond stem from an interaction between Drummond and Cheng You, a Ph.D. student at Pennsylvania State University. Id. at *1. After Drummond and You exchanged messages on the dating app Grindr for several weeks, they arranged to meet each other in Harrisburg, Pennsylvania. Id. You had $60 with him, which he intended to use to split the cost of a hotel room with Drummond. Id. Drummond and You attempted to get a room at two hotels, but

Drummond decided that the rooms were too expensive, at which point You decided to go home. Id. Drummond gave You $30 of his $60 back and told him that he would return the remaining $30 after You drove him back to his home. Id.

You drove Drummond home and Drummond went inside then returned to the car where You was waiting. Id. Drummond then entered the passenger side of the vehicle, pointed a gun at You, and told him to give him all the cash he had and his cellphone. Id. You gave Drummond the money and phone, and Drummond then exited the vehicle and ran away. Id. You chased after him, but when he caught up with Drummond, Drummond hit him in the head with the pistol and then fled. Id. A witness called the police, and Drummond was subsequently arrested and charged with robbery and possession of a firearm without a license. Id.

Prior to trial, Drummond asserted that he was not competent to stand trial. Id. The Court of Common Pleas conducted a competency hearing, during which a competency evaluator concluded that Drummond was able to understand the charges against him, but that he was not competent to stand trial because he was not capable of participating in his own defense. Id. The Court of Common Pleas nevertheless concluded that Drummond was competent to stand trial, finding that he was acting in a manipulative fashion to avoid trial and that he made a conscious decision to act the way that he had. Id.

In August 2017, Drummond filed a pro se letter to the Court of Common Pleas complaining about the performance of his court-appointed attorney, Erin Hayes. Id. The court subsequently granted Hayes's motion to withdraw and appointed Jennifer Tobias as Drummond's new attorney. Id. One month later,

2

Drummond filed another letter complaining about Tobias's performance. Id. The court granted Tobias's motion to withdraw in January 2018, and appointed David Hoover as Drummond's third court-appointed attorney. Id. Three months later, and shortly before trial, Drummond moved for a continuance and stated that he had irreconcilable differences with Hoover. Id. The court denied the motion for continuance, allowed Drummond to proceed to trial *pro se*, and appointed Hoover as standby counsel. Id. Drummond was subsequently found guilty of robbery and carrying a firearm without a license and was sentenced to 7-14 years of imprisonment. Id. at *1-2; (Doc. 1 at 1).

Drummond appealed his conviction and sentence to the Superior Court, arguing, *inter alia*, that the trial court erred in finding Drummond competent to stand trial and that the trial court erred by denying Drummond's requests for new counsel and a continuance before trial. Drummond, 2019 WL 6048891, at *2. The Superior Court affirmed the judgment of sentence on November 15, 2019. Id. at *6. Drummond filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on June 10, 2020. Commonwealth v. Drummond, 235 A.3d 1071 (Pa. 2020). He did not seek further review by the United States Supreme Court. (Doc. 1 at 2). Drummond then filed a petition for state collateral relief pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA") on July 12, 2021. (Id.) The Court of Common Pleas dismissed the petition on May 22, 2022, and Drummond did not appeal to the Superior Court. (Id. at 3).

Drummond filed the habeas corpus petition that initiated the present case on July 25, 2022, and the court received and docketed the petition on July 28, 2022.

3

(Doc. 1). The case was initially assigned to United States District Judge Christopher C. Conner. Judge Conner dismissed the petition as untimely on September 6, 2022. (Docs. 13-14). Drummond appealed to the United States Court of Appeals for the Third Circuit on October 3, 2022. (Doc. 17).

The Third Circuit vacated the dismissal and remanded for further proceedings on May 8, 2024, noting that the dismissal of the petition as untimely erroneously failed to include the 90 days in which Drummond could have appealed his conviction and sentence to the United States Supreme Court, and holding that including these 90 days in the timeliness calculation rendered the petition timely. (Doc. 21).

Judge Conner reopened the case on May 9, 2024. (Doc. 22). On July 19, 2024, Judge Conner dismissed the Attorney General of Pennsylvania as a respondent in the case because the only proper respondent to a habeas corpus petition is the warden or superintendent of the prison in which a petitioner is incarcerated. (Doc. 27). Judge Conner accordingly ordered service of the petition on the superintendent. (Id.)

Respondent responded to the petition on September 6, 2024, arguing that it should be denied on its merits. (Doc. 32). Drummond filed a reply brief on November 19, 2024. (Doc. 41). Judge Conner then granted Drummond's motion for leave to file an addendum to his reply brief, and Drummond filed the addendum on January 10, 2025. (Docs. 43-44).

The case was reassigned to the undersigned on January 21, 2025, following Judge Conner's retirement.[1] Drummond subsequently filed a motion for an evidentiary hearing on February 18, 2025, and a motion to appoint counsel on February 19, 2025. (Docs. 47-48). The motion to appoint counsel is denied by separate order on the date of this opinion. The motion for an evidentiary hearing is addressed below.

## II. Standard of Review

A United States District Court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

---

[1] As noted above, Drummond's petition named as respondents both the superintendent of the prison in which he is incarcerated and the Attorney General of Pennsylvania. (Doc. 1). The undersigned notes that prior to her appointment to this court, she was employed by the Attorney General's office. The proper respondent in a habeas corpus action, however, is the warden or superintendent of the facility where the petitioner is being held. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Thus, because the Attorney General is not a proper respondent in this case and has already been dismissed from the case, and because no attorneys from the Attorney General's office have entered an appearance in the case, the court finds that the naming of the Attorney General as a respondent in the original petition does not require the undersigned to recuse herself from the case pursuant to 28 U.S.C. § 455.

The court additionally notes that after the case was reassigned, Drummond filed a letter asking for an explanation as to why his case was reassigned. (Doc. 46). As noted above, the reassignment was necessitated by Judge Conner's retirement from the court in January 2025, which has led to all of Judge Conner's active cases being reassigned to other district judges.

5

## III.  **Discussion**

As a preliminary matter, Drummond's motion for an evidentiary hearing is denied. When a habeas corpus claim has been decided on its merits in state court, federal review is "limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. 170, 181 (2011). If a petitioner has failed to develop the factual basis of his claim in state court, federal courts may not conduct an evidentiary hearing or otherwise expand the factual record unless the petitioner shows that:

> **(A)** the claim relies on—
>
> > **(i)**  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > **(ii)** a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> **(B)** the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> 28 U.S.C. § 2254(e)(2); accord Shinn v. Ramirez, 596 U.S. 366, 371 (2022)

(holding that federal habeas court may not expand factual record unless the "extraordinary" circumstances contemplated by Section 2254(e)(2) are present). Neither Drummond's habeas petition nor his motion for an evidentiary hearing presents any of the circumstances required by Section 2254(e)(2) to expand the factual record. Thus, a hearing will not be conducted, and the merits of the petition will be reviewed solely based on the record that was before the state courts.

Drummond's habeas corpus petition asserts two claims for habeas corpus relief: (1) that the trial court did not have the authority to conclude that he was competent to stand trial when the competency evaluator concluded that he could not assist in his own representation and that the court's decision that he was competent violated his right to due process; and (2) that the trial court violated his rights when it denied his requests for continuance and allowed him to proceed to trial *pro se* despite the competency evaluator's conclusion that he was not competent to assist in his own defense. (Doc. 1 at 4).

Drummond's claims were decided on their merits in state court and are accordingly governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which states in relevant part:

> **(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The standard for obtaining habeas corpus relief under AEDPA is "difficult to meet." Mays v. Hines, 592 U.S. 385, 391 (2021) (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011)). Federal habeas corpus relief is meant to guard against "extreme malfunctions in the state criminal justice systems" and is not meant to substitute for

"ordinary error correction through appeal." Harrington, 562 U.S. at 102-03 (citing Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J. concurring in judgment)). "Federal habeas courts must defer to reasonable state-court decisions," Dunn v. Reeves, 594 U.S. 731, 733 (2021), and may only grant habeas corpus relief when the state court's decision "was so lacking in justification" that its error was "beyond any possibility for fairminded disagreement." Mays, 592 U.S. at 391 (quoting Harrington, 562 U.S. at 102).

The Due Process Clause of the Fourteenth Amendment protects a criminal defendant's right not to be tried while he is incompetent to stand trial. Taylor v. Horn, 504 F.3d 416, 430 (3d Cir. 2007). To be competent to stand trial, "a defendant must have a 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and must possess 'a rational as well as factual understanding of the proceedings against him.'" Id. (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)). A state court's finding that a defendant is competent to stand trial is a factual finding that must be presumed correct in federal habeas proceedings unless the petitioner can rebut the presumption by clear and convincing evidence. Id. (citing § 2254(e)(1)).

Drummond's first claim is that the trial court did not have authority to conclude that he was competent to stand trial when the competency evaluator concluded that he could not assist in his own representation and that the court's decision that he was competent violated his right to due process. (Doc. 1 at 4). The argument that the trial court did not have the authority to make a competency finding that differed from the competency evaluator's finding is without merit. Prior

medical opinions on a defendant's competence should be considered when a trial court makes a competency finding, but they do not control the court's decision. Drope v. Missouri, 420 U.S. 162, 180 (1975).

    As for the argument that the competency determination violated Drummond's due process rights, the Superior Court considered this argument on its merits and denied it. The court concluded that the trial court had "copious reasons" to find the defendant competent. Drummond, 2019 WL 6048891, at *4-5. Specifically, the court noted the trial court's finding that Drummond was being "manipulative in order to receive what he wanted, exaggerate his symptoms and exaggerate his situation," and that this finding was supported by a medical professional's opinion that Drummond "attempts to game the system to get what he wants." Id. at *4. The superior court concluded that this finding was well supported by the trial record, stating, "[a]ppellant's disruptive behavior at select times, such as passing the prosecutor an envelope of feces during a pretrial hearing, and professional behavior at others, such as his general professionalism while representing himself *pro se* during trial demonstrate his attempts to manipulate the system." Id. at *5 (internal citations to the record omitted).

    The superior court's factual finding regarding competence must be presumed correct, see Taylor, 504 F.3d at 430, and because Drummond has not offered any evidence from the state court record to rebut the finding other than the underlying report from the competency evaluator, he has not presented clear and convincing evidence to rebut this presumption. See id. The Superior Court's conclusion that Drummond was competent to stand trial is also reasonable and not

9

contrary to clearly established federal law because the court analyzed whether Drummond was competent based on a state law standard that was essentially identical to the due process standard set out by Dusky and its progeny. See Drummond, 2019 WL 6048891, at *4 ("In order to rebut the presumption that he is competent, a defendant must prove by a preponderance of the evidence that he 'was either unable to understand the nature of the proceedings against him or to participate in his own defense.'" (quoting Commonwealth v. Santiago, 855 A.2d 682, 694 (Pa. 2004))).

Drummond's second argument fails for similar reasons. He argues that the trial court violated his rights when it denied his requests for continuance and allowed him to proceed to trial *pro se* despite the competency evaluator's conclusion that he was not competent to assist in his own defense. (Doc. 1 at 4). Thus, like his first argument, this argument is based on the premise that the trial court acted improperly by finding him competent to stand trial. As noted above, however, the trial court's competency finding is presumed correct, and Drummond has not produced clear and convincing evidence to rebut that presumption.

To the extent Drummond is alternatively arguing that the trial court's actions of denying his continuances and allowing him to proceed *pro se* with Hoover as standby counsel violated his rights independent of the competency issue, his argument fails. The Superior Court upheld the trial court's finding that Drummond forfeited his right to counsel by engaging in a "course of misconduct and dilatory conduct." Drummond, 2019 WL 6048891, at *3. The court explained:

> Attorney Hoover, the **third** attorney appointed to represent Appellant, requested to withdraw his appearance because Appellant repeatedly accused him of being a racist and refused to meet with him to prepare for trial. *See* N.T. Hearing, 4/18/18, at 9-10, 13. In addition, based on its observations of Appellant throughout the pre-trial process, the trial court found that Appellant had a history of disruptive behavior as a method of delaying proceedings.

Id. (emphasis in original). This factual finding that Drummond was engaged in a course of misconduct and dilatory conduct to delay his criminal trial must be presumed correct, and Drummond has not pointed to any evidence in the state court record—let alone clear and convincing evidence—to rebut the presumption. Accordingly, because neither of Drummond's arguments satisfy AEDPA's demanding standards for habeas corpus relief, his petition will be denied.

### IV. Conclusion

For the foregoing reasons, the petition for writ of habeas corpus is denied. A certificate of appealability will not issue because no reasonable jurist would disagree with this ruling or conclude that the issues presented are adequate to deserve encouragement to proceed further. Buck v. Davis, 580 U.S. 100, 115 (2017) (citing Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)). An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   February 28, 2025